IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS

---

MISHUNA MOORE, individually and on
behalf of all others similarly situated,

      Plaintiff,

v.                                              Case No. 2:20-cv-02443-MSN-cgc

MEDICAL FINANCIAL SERVICES, INC.,

      Defendant.

---

ORDER CONDITIONALLY CERTIFYING CLASS
AND GRANTING PRELIMINARY APPROVAL OF SETTLEMENT
AND ORDER THAT NOTICE BE SENT TO CLASS

---

Before the Court is the parties' Joint Motion for Certification of Settlement Class and Preliminary Approval of Class Action Settlement Agreement. (ECF No. 24.) The parties in this class action have reached a proposed settlement, and pursuant to the joint motion filed on January 6, 2021, they seek preliminary approval of the proposed Class Action Settlement Agreement and the Notice of Class Action Lawsuit and Proposed Settlement. The motion came for a hearing on July 23, 2021 at 11:00 a.m. (*See* ECF Nos. 26 and 27.) Plaintiff appeared by counsel Ari Marcus. Defendant appeared by counsel Manuel H. Newburger and Louis Jay Miller. Having considered the Motion and supporting papers, the Agreement and the Exhibits attached thereto, the Court issues the following Order:

    1.    This Order incorporates by reference the definitions in the Class Action Settlement Agreement ("Agreement") that has been filed in this case and all terms in this Order shall have the same meaning as set forth in the Agreement. The Agreement is attached to Docket Entry 24 as *Appendix 1* and is incorporated herein by reference.

2. The Court hereby preliminarily **APPROVES** the Agreement and the settlement embodied therein. The Court preliminarily finds that this case meets the requirements for class certification under Federal Rule of Civil Procedure 23. The Court further preliminarily finds that the Agreement appears to provide for a settlement that could ultimately be given final approval. It appears to the Court that the Agreement is fair, adequate, and reasonable as to all potential Class Members, when balanced against the probable outcome of further litigation. It further appears that the Parties at this time are reasonably able to evaluate their respective positions. It further appears to the Court that settlement at this time will avoid substantial additional costs to all Parties, as well as the delay and risks that would be presented by further prosecution of this Action. Additionally, it appears that the proposed settlement was reached as a result of non-collusive, arms-length negotiations.

3. A Final Fairness Hearing shall be held before this Court on November 19, 2021 at 10:30 a.m. in Courtroom 4, 9th Floor, Clifford Davis and Odell Horton Federal Building, 167 N. Main Street, Room 242 Memphis, TN 38103, to determine all necessary matters concerning the settlement, including: whether the proposed settlement of the Action on the terms and conditions provided should be finally approved by the Court as fair, adequate, and reasonable to the Class Members; whether the case should be dismissed with prejudice pursuant to the terms of the settlement; whether the Court should grant final approval to the payments to the named plaintiff and the class; and the amount of attorney fees and costs to be awarded to Class Counsel.

4. The Court hereby approves, as to form and content, the proposed "Notice of Class Action Lawsuit and Proposed Settlement" ("Notice") that is **Exhibit C** to **Appendix 1** to Docket Entry 24. The Court finds that the distribution of the Notice substantially in the manner and form set forth in the Agreement meets the requirements of due process under the Constitution and Federal Rule of Civil Procedure 23(e); and that such Notice is the best practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court further finds that the proposed form of notice is adequate and will give all Class Members sufficient information to enable them to make informed decisions as to the Class, the right to object or opt out, submit a claim form, and the proposed settlement and its terms.

5. For purposes of effectuating the settlement, the Court preliminarily certifies a Settlement Class consisting of the Class as defined in the Agreement. The following persons, assuming that they otherwise meet the class definition, are excluded from the settlement class:

    **a.** any person who is already subject to an existing signed general release that covers Medical Financial Services, Inc.; and

    **b.** any class member who timely mails a request for exclusion.

6. For purposes of effectuating this settlement, the Court hereby appoints Plaintiff Mishuna Moore as the class representative for the settlement Class, and Ari Marcus and Yitzchak Zelman are appointed as Class Counsel.

7. The Class Notice shall be distributed to the Class as provided for in Section 2.1 of the Agreement. To accomplish that distribution, **on or before August 9, 2021**, Defendant shall provide the class list to First Class, Inc., which is appointed as Class Administrator. Notice to potential class members shall be sent out **on or before September 13, 2021**.

8. Any class member who desires to enter an appearance pursuant to Rule 23(c)(2)(B)(iv) must **do so by November 5, 2021**, which is (2) weeks prior to the Final Fairness Hearing. Class Members who wish to exclude themselves from (opt out of) the Class and the proposed Settlement must mail a written request for exclusion to the Class Administrator postmarked **no later than November 5, 2021**, which is two (2) weeks prior to the Final Fairness Hearing. In any such written request for exclusion, the Class Member must set forth his or her full name, address, telephone number, and the last four digits of his or her Social Security number, together with a statement to the effect that that he or she wishes to be excluded from or opt out of the Class. Class Members must submit a valid claim form to the Class Administrator postmarked **no later than November 5, 2021**.

9. Any Class Member who submits a valid request for exclusion at any time prior to the expiration of the opt-out period shall not be bound by the terms of this Agreement and shall not receive any of the benefits of the Settlement.

10. No member of the Class, or any other person, shall be heard at the Final Fairness Hearing in opposition to class certification, class settlement, Class Counsel's proposed attorneys' fees and expenses or the proposed Class Representative's award unless **not later than November 5, 2021**, such Class Member or other person files with the Clerk of the Court and serves upon Class Counsel and Counsel for Defendant a written notice of their intent to object to one or more of the terms of this Agreement or the Final Order and Judgment.

11. Any such notice of objections shall include:

    (1)    a statement of each objection being made;
    (2)    a detailed description of the facts underlying each objection;
    (3)    a detailed description of the legal authorities underlying each objection;
    (4)    a statement of whether the objector intends to appear at the Final Fairness Hearing;
    (5)    a list of witnesses whom the objector may call by live testimony, oral deposition testimony or affidavit during the Final Fairness Hearing; and
    (6)    a list of exhibits which the objector may offer during the Final Fairness Hearing, along with copies of all of the exhibits.

12. Unless otherwise agreed by both Defendant and Class Counsel, any Class Members or other persons who fail to properly or timely file their objections with the Court, or fail to timely serve such objections on Class Counsel and counsel for Defendant, shall not be heard during the Final Fairness Hearing and the Court will not consider their objections.

13. Until the Final Fairness Hearing described above, or further order of this Court, all Class Members are hereby preliminarily enjoined and ordered not to file, institute or prosecute any lawsuit or claim against Defendant arising out of or related to the same or similar circumstances, transactions or occurrences as are alleged in this case. This injunction shall terminate as to any individual class member upon the receipt by the Class Administrator of a request for exclusion from the Class by any such individual member.

This Order shall not be construed or deemed to be a finding by this Court or evidence of a presumption, implication, concession, or admission by Defendant concerning (1) any alleged liability, fault, or wrongdoing by Defendant; (2) the appropriateness of any measure of alleged loss or damages; or (3) the appropriateness of class certification for any purposes other than Settlement. If the Settlement Agreement is terminated pursuant to its terms, or if the Settlement is not approved or consummated for any reason whatsoever, the Settlement and all proceedings had in connection therewith shall be without prejudice to the *status quo ante* rights of the parties to this action.

**IT IS SO ORDERED**, this the 30th day of July, 2021.

                                            *s/ Mark Norris*
                                            MARK S. NORRIS
                                            UNITED STATES DISTRICT JUDGE