**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION AT MEMPHIS**

---

**MISHUNA MOORE, individually and on
behalf of all others similarly situated,**

       **Plaintiff,**

      **VS.**                            **Case No. 2:20-cv-02443-MSN-cgc**

**MEDICAL FINANCIAL SERVICES, INC.,**

       **Defendant.**

---

## REPORT AND RECOMMENDATION

---

Before the Court, by way of Second Order of Reference (D.E. # 36), are the Joint Motion to Certify Class for Final Approval (D.E. # 32), Plaintiff's Motion for Attorney Fees (D.E. # 33) and Joint Motion to Appoint New Administrator (D.E. # 34). No opposition was filed by the defendant to the Motion for Attorney Fees.

On November 19, 2021, the motions were considered at a Final Fairness Hearing. At that time, the Court heard arguments made by counsel for the Parties. One class member appeared and voiced support for the Settlement Agreement. No class members appeared in opposition to the Settlement Agreement. For the following reasons, it is RECOMENDS that the settlement is fair, reasonable, adequate and should be approved. Additionally, it is RECOMMENDED that the attorney's fees are reasonable. Further, it is RECOMMENDED that the motion to appoint new administrator be GRANTED.

## I.  Joint Motion to Certify Class for Final Approval (D.E. # 32)

### a.  Litigation and Settlement

#### i.  Background of the Case

The Complaint alleges that Plaintiff received a collection letter from Defendant on or about February 27, 2020 related to an obligation incurred to BMH – WOMEN prior to February 27, 2020.  (D.E. # 1, ¶¶ 12, 18) The validation notice in the letter contained language that could lead Plaintiff to believe that Plaintiff could establish a valid dispute of the debt over the phone or by means other than requesting the dispute in writing, contrary to the requirements of 15 U.S.C. § 1692g.  (D.E. # 1, ¶¶ 21-23)  Plaintiff alleges that Defendant's actions with regard to the validation notice constituted a deceptive and misleading collection practice which was a part of a pattern and practice used to collect consumer debts.  (D.E. # 1, ¶¶ 28, 29)  Defendant denies Plaintiff's allegations.

Plaintiff filed her complaint, individually and on behalf of a class, on June 23, 2020. Defendant filed its answer on August 14, 2020.  After arms-length negotiations Plaintiff and Defendant reached a tentative settlement resulting in a Class Action Settlement Agreement (hereinafter referred to as the "Agreement"), which is subject to review under FED. R. CIV. P. 23.

On December 23, 2020, the Parties filed the Agreement, together with their Joint Motion for Conditional Certification and Preliminary Approval of Class Action Settlement Agreement (hereinafter referred to as the "Preliminary Approval Motion").  The class in this case consists of all individuals in the United States that received an initial collection letter from Defendant attempting to collect a consumer debt with the allegedly deceptive validation notice language. (D.E. # 24, ¶ 5; 24-2, ¶ 1.3)

Within ten days of filing the proposed settlement with the Court, Defendant complied with

the requirements of 28 U.S.C. § 1715.

On July 23, 2021, the Court heard the Parties' Preliminary Approval Motion.

On July 30, 2021, upon consideration of the Parties' Preliminary Approval Motion and the record, the Court entered an Order Conditionally Certifying Class and Granting Preliminary Approval of Settlement (hereinafter referred to as the "Preliminary Approval Order"). (D.E. # 24) Pursuant to the Preliminary Approval Order, the Court, among other things, (i) preliminarily certified (for settlement purposes only) a class of Plaintiffs (hereinafter referred to as the "Class Members") with respect to the claims asserted in the Lawsuit; (ii) preliminarily approved the proposed settlement; (iii) appointed Plaintiff Mishuna Moore as the Class Representative; (iv) appointed Ari Marcus and Yitzchak Zelman as Class Counsel; and (v) set the date and time of the Final Fairness Hearing.

On November 12, 2021, the Parties filed their Motion for Final Approval of Class Action Settlement (hereinafter referred to as the "Final Approval Motion"). (D.E. # 32)

## ii.  Terms of the Class Action Settlement Agreement

Under the terms of the Settlement Agreement (D.E. # 24-2), the Defendants have agreed to create a class settlement fund of $70,000 ("Class Recovery") from which the Class Administrator will distribute the funds *pro rata* among class members who timely send the Class Administrator valid claim forms. According to the Settlement Agreement, the payments will be mailed by the Class Administrator by check. Checks will expire if they have not been cashed within one hundred twenty (120) days after the date of the check. Any portion of the Class Recovery that remains after the void date on the Claimants' checks will be donated as a *cy pres* award to a charitable organization approved by the Court. The Settlement Agreement further

authorizes a service fee of $2,500 to be paid to Plaintiff in recognition of her service to the Settlement Class.

### iii.    Notice to Potential Class Members and Response to Notice

Pursuant to the Preliminary Approval Order, notice of the settlement was mailed to the 81,047 Settlement Class members by the Settlement Administrator.  (D.E. # 32-3)  The Notice provided the following information to the class members: (a) the proposed settlement; (b) the rights of the class members; (c) the background of the litigation; (d) the benefit to the class from the settlement; (e) the request for attorney's fees and reimbursement of litigation expenses; (f) the settlement hearing to take place before this Court; and (g) the examination of the Court records should any class members elect to do so.  (D.E. # 24-2.)  Class members were able to file claims via mail.  (*Id.*.)  As of the date of the Final Approval Motion, the Settlement Administrator had received 4,206 valid claim forms and only five requests for exclusion and no objections.  (D.E. # 32-3, ¶¶ 11-13)  A total of 843 Notices were either forwarded by the U.S. Postal Service or returned with forwarding addresses and re-mailed.  (*Id.*, ¶ 10) .A total of 6,364 notices were returned as undeliverable with no forwarding address.  (*Id.*, ¶ 9)

### b.    Proposed Findings of Fact and Conclusions of Law

The law favors settlement, specifically in the case of class actions.  The settlements of class actions are governed by Rule 23(e) of the Federal Rules of Civil Procedure.  Rule 23(e) provides that a district court may approve a proposed settlement "only after a hearing and on finding that it is fair, reasonable, and adequate."  Fed. R. Civ. P. 23(e)(2).  In determining whether a settlement merits final approval, there are seven factors that guide a court's determination.  Those factors include: "(1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the

litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members.; and (7) the public interest." *See Gascho v. Glob. Fitness Holdings, LLC*, 822 F.3d 269, 276-77 (6th Cir. 2016) (quoting *Int'l Union United Auto., Aerospace, & Agric. Implement Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). It is recommended that that the Settlement Agreement is fair, reasonable, and adequate and is thus, appropriate to be approved for final settlement.

Generally, courts presume the absence of fraud or collusion in class action settlements if there is no evidence to the contrary. *See, e.g.*, *Leonhardt v. ArvinMeritor, Inc.*, 581 F. Supp. 2d 818, 838 (E.D. Mich. 2008); *In re Telectronics Pacing Sys.*, 137 F. Supp. 2d 985, 1016 (S.D. Ohio 2001). It is proposed that in the instant case, there is no evidence of fraud or collusion. The parties engaged in active litigation of this case for approximately eighteen months. At the Final Fairness Hearing, counsel for both Plaintiff and Defendant described a litigation and settlement process that reflected an arm's length, adversarial process between the parties.

As to complexity, risk, and duration of the litigation, it is recommended that it weighs in favor of approval. Class actions are generally considered to be inherently complex and settlement "avoids the costs, delays, and multitude of other problems associated with them." *In re Southeastern Milk Antitrust Litig.*, 2012 WL 2236692, at *3 (E.D. Tenn. June 15, 2012) (quoting *In re Telectronics Pacing Sys., Inc.*, 137 F. Supp. 2d 985, 1013 (S.D. Ohio 2001)). The Settlement Class Members avoid the risk of receiving nothing at trial or the risk of depleting Defendant's resources through litigation and appeals. Considering the complexity, uncertainty, and potential length of the litigation, the Court finds that this factor weighs in favor of approving the settlement.

Regarding the third factor, it is recommended that Plaintiff and Defendant engaged in a significant amount of formal discovery. Parties must have engaged in enough discovery to evaluate the merits of the case and determine the appropriate settlement value. *See Olden v. Gardner*, 294 F. App'x 210, 218 (6th Cir. 2008). Considering the record, it is recommended that Class Counsel had sufficient information at the time of settlement to appropriately determine the potential value of the case and to conclude the settlement was fair.

The fourth factor requires the court to weigh the likelihood of success on the merits against the relief obtained by the settlement for the settlement class. "Although this inquiry understandably does not require [the court] to decide the merits of the case or resolve unsettled legal questions, [the court] cannot judge the fairness of a proposed compromise without weighing the plaintiff's likelihood of success on the merits against the amount and form of the relief offered in the settlement." *In re Southeastern Milk Antitrust Litig.*, 2012 WL 2236692, at *2 (citations omitted). "The question [] is whether the parties are using settlement to resolve a legitimate legal and factual disagreement." *Int'l Union, United Auto., Aerospace, and Agr. Implement Workers*, 497 F.3d at 631. Class actions are inherently difficult. By settling, Class Counsel removed the potential risks and secured monetary relief for class members. Further, the FDCPS limits recovery to class members to up to 1% of the Defendant's net worth. 15 U.S.C. § 1692k In this case, Defendant agreed to pay almost 1.5% of its net worth to resolve this matter. Accordingly, in weighing the likelihood of success with the relief obtained for the class members, it is recommended that the settlement warrants final approval.

The opinion of the class counsel is also a consideration for district courts. "The Sixth Circuit has held that, in the context of approving class action settlements, the Court 'should defer to the judgment of experienced counsel who has completely evaluated the strength of his proofs.'"

*See Smith v. Ajax Magnethermic Corp.*, 2007 WL 3355080, at \*5 (N.D. Ohio Nov. 7, 2007); *see also Olden*, 294 F. App'x at 219 (explaining class counsel's approval and endorsement of the settlement weighs in favor of final approval).  Here, Class Counsel believes that this settlement is favorable and in the best interest of the entire class.  (Marcus Decl. ¶¶ 7-11, 16, D.E. # 32-2.)  In addition, as both Parties have brought the instant motion jointly, they believe the settlement is fair, reasonable, and adequate.

The sixth factor is the reaction of the absent class members.  When there are few objections, that fact is indicative of the adequacy of the settlement.  *See In re Skechers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at \* 7 (W.D. Ken. May 13, 2013) ("Overall, the objections and opt-outs in this action are no bar to approval of the settlement, and the fact that so few have been filed weighs in favor of approval.").  Here, no objections were filed and only five members requested to be excluded.  Accordingly, it is recommended that the reaction of the absent class members supports final approval.

Lastly, the public interest weighs in favor of final settlement.  "The law recognizes that society has an interest in encouraging attorneys to pursue contingent fee class actions on behalf of consumers." *Gokare v. Fed. Express Corp.*, 2013 WL 12094870, at \*7 (W.D. Tenn. Nov. 22, 2013) (citing *In re Skechers Toning Shoe Prods. Liab. Litig.*, 2013 WL 2010702, at \*9 (W.D. Kent. May 13, 2013) ("Encouraging qualified counsel to bring inherently difficult and risky but beneficial class actions . . . benefits society.")).  The Court finds that the public interest is served by this settlement.

For the reasons stated above, it is RECOMMENDED that the Settlement Agreement is fair, adequate, and reasonable and that the Joint Motion for Final Approval of Settlement should be GRANTED.

## II.  Plaintiff's Motion for Attorney Fees (D.E. # 33)

Moore's counsel also filed a Motion for Attorney's Fees, Reimbursement of Expenses and Class Contribution Award on November 16, 2021.  (D.E. # 33.)  Class Counsel seeks an award of attorney's fees in the amount of $40,000.00 (inclusive of expenses of approximately $1,260.30) and $2,500.00 class contribution award for Moore.  The Defendants did not file a response.  For the following reasons, it is RECOMMENDED that Class Counsel's requests are appropriate, and the Motion for Attorney's Fees, Reimbursement of Expenses and Class Contribution Award should be GRANTED.

As to the attorney's fees, this Court has broad discretion in determining an award of attorney's fees.  *See Bowling v. Pfizer, Inc.*, 102 F.3d 777, 779 (6th Cir. 1996); *Rawlings v. Prudential-Bache Props., Inc.*, 9 F.3d 513, 516 (6th Cir. 1993).

The Sixth Circuit generally looks to several factors to determine whether an award of attorneys' fees is reasonable.  Those factors include: (1) the value of the benefit rendered to the class members; (2) the value of services on an hourly basis; (3) whether the services were undertaken on a contingency fee; (4) society's stake in rewarding the attorneys; (5) the complexity of the litigation; and (6) the professional skill and standing of all counsel.  *See Moulton v. United States Steel Corp.*, 581 F.3d 344, 351-52 (6th Cir. 2009).  All of these factors weigh in favor of the requested fee.

The complexity of the litigation and the value of the benefit rendered to class members was discussed above in analyzing the fairness of the settlement agreement.  The attorney's fees and expenses are to be paid outside of the Class Settlement Fund.  Class Counsel's representation was pursuant to a contingency fee agreement which placed significant risk of non-payment on Class Counsel if the case was not successfully resolved.  The declaration of Class Counsel reflects 101.1

hours of work on the instant case. (D.E. # 33-2, ¶ 18)  At their usual hourly rate, Class Counsel's fee would compute to $43,695.00, not including out of pocket expenses.  Class Counsel has significant experience in consumer class action cases and has been certified as class counsel in over twenty consumer class action cases.  (D.E. # 33-2, ¶ 3)  The resolution of the matter with a substantive recovery for class members and no objections to either the settlement agreement or the attorney's fees supports a recommendation that the fee request is appropriate.

Moore also requests a Case Contribution Award in the amount of $2,500.00.  The Sixth Circuit recognizes that incentive awards can be appropriate in certain circumstances.  *See Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003).  Specifically, "[c]ourts within the Sixth Circuit . . . recognize that, in common fund cases . . . where the settlement agreement provides for incentive awards, class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled by virtue of class members alone."  *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010).

District courts within the Sixth Circuit generally consider three factors in determining whether a service award is appropriate.  Those factors include: (1) the action taken by the class representative to protect the interest of class members and others, as well as whether these actions resulted in a substantial benefit to class members; (2) whether the class representative assumed substantial direct and indirect financial risk; and (3) the amount of time and effort spent by the class representative.  *See, e.g., Dick v. Sprint Comm. Co. L.P.*, 297 F.R.D. 283, 301 (W.D. Kent. Jan. 30, 2014); *Enter. Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991).  In the instant case, Moore met with Class Counsel, provided the appropriate information during discovery, reviewed documents, and otherwise actively engaged in the litigation.  Moore also reviewed the Settlement Agreement.  Additionally, the Court also gives

great deference to the fact that the Defendants have agreed to pay both the Attorney's Fees up to $40,000.00 and a service award of $2,500.00.  (D.E. # 33-3, PageID 228)  Accordingly, the Court finds that Class Counsel's requests are reasonable and RECOMMENDS that the Motion for Attorney's Fees, Reimbursement of Expenses and Class Contribution Award be GRANTED.

### III.   Joint Motion to Appoint New Administrator (D.E. # 34)

The Parties jointly move the Court to appoint a new administrator of the class settlement. The current administrator, First Class, Inc., will be closing its business as a result of the COVID-19 pandemic and will not be able to handle the administration responsibilities.  The Parties offer Epperly ReSolutions as the replacement administrator.  It is RECOMMENDED that good cause exists to appoint Epperly ReSolutions as the administrator of the class settlement.

**DATED** this 30th day of November, 2021.

s/ Charmiane G. Claxton
CHARMIANE G. CLAXTON
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT.  28 U.S.C. § 636(b)(1)(C).  FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**
        IV.