IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

MISHUNA MOORE, individually
and on behalf of others similarly situated,

    Plaintiff,

v.                                                       Case No. 2:20-cv-02443-MSN-cgc

MEDICAL FINANCIAL SERVICES, INC.,

    Defendant.

---

**ORDER ADOPTING REPORT AND RECOMMENDATIONS**

---

    Before the Court is the Magistrate Judge's Report and Recommendation, ("Report") entered on November 30, 2021. (ECF No. 38.) The Magistrate Judge held a final fairness hearing in this matter to address three pending motions, including one for final approval of the parties' settlement agreement. (ECF Nos. 32, 33, 34.) Her Report recommends that the proposed settlement is fair, reasonable, adequate and should be approved; that the attorneys' fees are reasonable; and that the motion to appoint a new administrator be granted. (*Id.* at PageID 250.) The parties had fourteen days to submit any objections she may have to the Report. (*Id.* at PageID 259.) Fourteen days have passed, and neither party has submitted any objections to the Report.

    Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district court duties to magistrate judges. *See United States v. Curtis*, 237 F.3d 598, 602 (6th Cir. 2001) (citing *Gomez v. United States*, 490 U.S. 858, 869–70 (1989)); *see also Baker v. Peterson*, 67 F. App'x 308, 310 (6th Cir. 2003). For dispositive matters, "[t]he district judge must determine *de novo* any part of the magistrate judge's disposition that has been

1

properly objected to." *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. §636(b)(1).  After reviewing the evidence, the court is free to accept, reject, or modify the magistrate judge's proposed findings or recommendations. 28 U.S.C. § 636(b)(1).  The district court need not review—under a *de novo* or any other standard—those aspects of the report and recommendation to which no objection has been made. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). The district court should adopt the magistrate judge's findings and rulings to which no objection has been filed. *See id.* at 151.

Objections to any part of a magistrate judge's disposition "must be clear enough to enable the district court to discern those issues that are dispositive and contentious."  *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *see also Arn*, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute.").  Each objection to the magistrate judge's recommendation should include how the analysis is wrong, why it is wrong, and how *de novo* review will obtain a different result on that particular issue.  *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991).  A general objection, or one that merely restates the arguments previously presented and addressed by the magistrate judge, does not sufficiently identify alleged errors in the report and recommendation. *Id.* When an objection reiterates the arguments presented to the magistrate judge, the report and recommendation should be reviewed for clear error.  *Verdone v. Comm'r of Soc. Sec.*, No. 16-CV-14178, 2018 WL 1516918, at *2 (E.D. Mich. Mar. 28, 2018) (citing *Ramirez v. United States*, 898 F. Supp. 2d 659, 663 (S.D.N.Y. 2012)); *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017).

The Court has reviewed the Report for clear error and finds none.  Moreover, no objections have been filed and the time to do so has lapsed.  Accordingly, the Court **ADOPTS** the Report, approving the parties' settlement. The Joint Motion to Certify Class for Final Approval, (ECF No.

32), Plaintiff's unopposed Motion for Attorneys' fees, (ECF No. 33), and Joint Motion to Appoint New Administrator, (ECF No. 34), are hereby **GRANTED**.

    **IT IS SO ORDERED**, this 19th day of January 2022.

*s/ Mark Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE